**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| U.S. AUTO PARTS NETWORK, INC., | No. 10-56129 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-04609-JFW-RZ |
| v. | |
| PARTS GEEK, LLC, a New Jersey limited liability company; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

| | |
|---|---|
| U.S. AUTO PARTS NETWORK, INC., | No. 10-56194 |
| Plaintiff - Appellee, | D.C. No. 2:09-cv-04609-JFW-RZ |
| v. | |
| PARTS GEEK, LLC, a New Jersey limited liability company; et al., | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted March 6, 2012
Pasadena, California

Before: FARRIS, CLIFTON, and IKUTA, Circuit Judges.

The district court erred in granting summary judgment to Parts Geek, Thomason, Pine, Tinari, Hendershot, and Mann (collectively, the "Parts Geek defendants") on U.S. Auto Parts' (USAP) claim for misappropriation of its trade secrets in the Manager software because a jury could reasonably conclude that USAP owned some rights to Manager. Moreover, in its supplemental response to Thomason's Interrogatory No. 1, USAP identified the key functional components of the Manager software that it claimed to be trade secrets, and thus "describe[d] the subject matter of the trade secret with sufficient particularity." *IMAX Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1164–65 (9th Cir. 1998) (quoting *Universal Analytics v. MacNeal-Schwendler Corp.*, 707 F. Supp. 1170, 1177 (C.D. Cal. 1989)) (emphasis omitted). We likewise reject Parts Geek's argument that it cannot be held liable for misappropriation of trade secrets because it had a license to use Admin, given that USAP raised a genuine issue of material fact that Parts Geek had "reason to know" that Thomason acquired the software code in Admin by improper means. Cal. Civ. Code § 3426.1(b)(1). Further, a jury could reasonably conclude that Manager derived "actual or potential" economic value from not being generally known to the public. § 3426.1(d)(1). Because we reverse

the district court's grant of summary judgment on this claim, we also vacate its corresponding award of attorney's fees to the Parts Geek defendants under Section 3426.4 of the California Civil Code. *See United States v. 4,432 Mastercases of Cigarettes, More or Less*, 448 F.3d 1168, 1194 (9th Cir. 2006).

We affirm the district court's grant of summary judgment to the Parts Geek defendants on USAP's claims for misappropriation of trade secrets related to its keyword return-on-investment (ROI) data. Even assuming there was sufficient evidence for a jury to reasonably find that Parts Geek used USAP's ROI data, USAP failed to state a prima facie claim for trade secret misappropriation because it did not adduce any evidence that this use damaged USAP. *See Sargent Fletcher, Inc. v. Able Corp.*, 3 Cal. Rptr. 3d 279, 283 (Cal. Ct. App. 2003). Contrary to USAP's assertion at oral argument, such a showing of harm is necessary for its demand of injunctive relief as well. *See DVD Copy Control Ass'n v. Bunner*, 10 Cal. Rptr. 3d 185, 191–92 (Cal. Ct. App. 2004).

We reverse the district court's grant of summary judgment to Pine and Tinari on USAP's breach of contract claim because Pine's and Tinari's release agreements were susceptible to "two different reasonable interpretations" and were therefore ambiguous. *Oceanside 84, Ltd. v. Fid. Fed. Bank*, 66 Cal. Rptr. 2d 487, 492 (Cal. Ct. App. 1997). An agreement that is "entered into . . . in connection

with the acquisition of Partsbin," may refer to any agreement that Pine and Tinari signed with USAP as a result of USAP's acquisition of Partsbin, or it may refer to the specific documents related to the acquisition itself, such as financing forms or other shareholder agreements, that Pine and Tinari entered into with USAP. Given this ambiguity, and the lack of extrinsic evidence that resolves the issue, the intent of the parties as to the meaning of this provision and whether it was breached must be decided at trial. *See Mattel, Inc. v. MGA Entm't, Inc.*, 616 F.3d 904, 913 (9th Cir. 2010).

We affirm the district court's grant of summary judgment to Hendershot on USAP's breach of contract claim because USAP adduced no evidence from which a reasonable factfinder could conclude that Hendershot had access to USAP's confidential information.

We affirm the district court's grant of summary judgment to USAP on Parts Geek's antitrust counterclaims because Parts Geek offered insufficient evidence to define the relevant market that USAP attempted to monopolize, *see Rebel Oil Co. v. Atlantic Richfield Co.*, 51 F.3d 1421, 1434–35 (9th Cir. 1995), and failed to offer evidence such that a jury could reasonably find that there were significant entry barriers to that market, *see Morgan, Strand, Wheeler & Biggs v. Radiology, Ltd.*, 924 F.2d 1484, 1490 (9th Cir. 1991). Parts Geek's claims for predatory pricing fail

4

for the same reasons. *See W. Parcel Express v. UPS of Am., Inc.*, 190 F.3d 974, 975 (9th Cir. 1999).

The parties shall bear their own costs on appeal.[1]

**AFFIRMED in part, REVERSED in part, VACATED in part.**

---

[1] In a separate opinion filed concurrently with this memorandum disposition, we reverse the district court's grant of summary judgment on USAP's copyright infringement claim related to the Manager software and vacate the district court's award of attorneys' fees to Parts Geek on that claim.